UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| CASSANDAR BROWN, | ) |
| Plaintiff | ) ) ) |
| v. | ) No.: ) |
| UNITED STATES OF AMERICA, | ) ) |
| Defendant | ) ) ) |

## COMPLAINT AT LAW

Cassandar Brown, by her attorneys, KARLIN, FLEISHER & FALKENBERG, comes before this Court and complains of the Defendant, UNITED STATES OF AMERICA (hereinafter U.S.) as follows:

## JURISDICTION AND VENUE

1. Plaintiff lives at 2223 7th Ave., Apt. 1, Rockford, Winnebago County, Illinois, and is, therefore a resident of the Northern District of Illinois, Western Division.

2. Plaintiff brings her claim against the U.S. pursuant to the Federal Tort Claims Act, 28 U.S.C. §2671, et seq, and 28 U.S.C. §1346(b)(1), for monetary damages as compensation for personal injury caused by negligent acts and/or omissions of employees of the U.S. under circumstances wherein the U.S. would be liable to the Plaintiff under the laws of the State of Illinois.

3. Venue is proper in that all of the acts and/or omissions alleged herein occurred in the Northern District of Illinois, Western Division.

4. Plaintiff has fully complied with the provisions of 28 U.S.C. §2675 of the Federal Tor Claims Act.

5. This suit is timely filed in that notice of the final determination of the claim was made on June 13, 2014, and the filing of this Complaint is being made within 6 months of that final determination.

## FACTUAL BASIS OF THE CLAIM

6. On and prior to April 26, 2011, the Defendant, U.S., provided grant money to the Crusader Center Clinic Association.

7. Prior to, on and after April 26, 2011, the Crusader Central Clinic Association had an employee, Lisa Malone, M.D., who provided medical care to the Plaintiff, Cassandar Brown, and at all times was acting in the scope of her employment in providing said care.

8. As such, any action against Lisa Malone, M.D., as an employee of the Crusader Central Clinic Association would be deemed an action against the United States for all actions alleged.

9. On April 26, 2011, Defendant, U.S., through Lisa Malone, M.D., performed a hysterectomy procedure at Swedish American Hospital upon Plaintiff.

10. On May 17, 2011, Defendant, U.S., through Lisa Malone, M.D., saw Plaintiff who had complaints consistent with an infection in the abdominal incision area.

11. Plaintiff continued to see Defendant, U.S., through Lisa Malone, M.D., and was cleared for sexual intercourse in July of 2011.

12. On July 20, 2011, during intercourse, Plaintiff experienced a vaginal cuff tear requiring surgery.

13. At all relevant times, it was the duty of the Defendant, U.S., to possess and apply the knowledge and to use the skill and care which reasonably well-qualified health care specialists in the same filed would use in the same or similar circumstances.

14. Notwithstanding such duty, the Defendant, U.S., was negligent in one or more of the following ways:

    a. By failing to properly perform the hysterectomy procedure;

    b. By failing to properly close the vaginal incision;

    c. By improperly using foreign material to assist in securing the area;

    d. By failing to recognize complications associated with the vaginal cuff in the post-operative time period;

    e. By allowing sexual intercourse to commence before the wound had healed;

    f. Was otherwise careless and negligent.

15. As a direct and proximate result of the negligence of the Defendant, the Plaintiff suffered numerous and severe injuries including a vaginal cuff tear and other related complications and injuries as more fully set forth below.

16. As a proximate result of the above occurrence, Plaintiff sustained severe and permanent injury, both externally and internally, and was and will be hindered and prevented from attending to her usual duties and affairs and has lost and will in the future lose the value of that time as aforementioned. Plaintiff also suffered great

pain and anguish, both in mind and body, and will in the future continue to suffer. Plaintiff further expended and became liable for and will expend and become liable for large sums of money for medical care and services endeavoring to become healed and cured of said injuries.

17. Attached is an Affidavit pursuant to Section 2-622 of the Illinois Code of Civil Procedure.

WHEREFORE, the Plaintiff, CASSANDAR BROWN, demands judgment against the Defendant, UNITED STATES., in a fair and reasonable sum of THREE HUNDRED THOUSAND ($300,000.00) DOLLARS and/or other such reasonable sum as proven by the evidence.

KARLIN, FLEISHER & FALKENBERG, L.L.C.
Attorneys for Plaintiff

/s/Charles V. Falkenberg, III
Charles V. Falkenberg, III

111 W. Washington, Suite 1505
Chicago, IL 60602
312-346-8620

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| CASSANDAR BROWN, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) No.: |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendant | ) |
| | ) |

## **A F F I D A V I T**

Charles V. Falkenberg, III, being first duly sworn on oath, states:

1. I am an attorney employed by Karlin, Fleisher & Falkenberg, L.L.C., who are the attorneys representing the Plaintiff, Cassandar Brown, in this action.

2. I was unable to obtain a consultation as required by paragraph 1 of Section 2-622 of the Illinois Code of Civil Procedure because a statute of limitations would impair the action and the consultation required could not be obtained before the expiration of the statute of limitations.

Under penalties as provided by law pursuant to 735 ILCS 5/1-109, I certify that the statements set forth herein are true and correct.

/s/ Charles V. Falkenberg, III
Charles V. Falkenberg, III

KARLIN, FLEISHER, & FALKENBERG, L.L.C.
Attorneys for Plaintiff
111 W. Washington, Suite 1505
Chicago, IL 60602
312-346-8620