## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Cassandar Brown, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | Case No: 14 C 09936 |
| | ) | |
| United States of America, | ) | |
| | ) | |
| *Defendant*. | ) | Judge Frederick J. Kapala |

## ORDER

Defendant's motion to dismiss [14] is granted. This case is closed.

## STATEMENT

On December 11, 2014, Cassandar Brown filed single-count complaint based on an Illinois tort claim for medical malpractice against the United States, claiming that a doctor working for the federal-fund-receiving Crusader Clinic provided negligent medical care in relation to a hysterectomy procedure and the recovery therefrom. Brown did not include an affidavit from a medical provider that there was a reasonable and meritorious cause for filing such an action, as required by Illinois law. See 735 ILCS 5/2-622(a)(1). Instead, her attorney filed an affidavit stating that Brown was unable to receive the required affidavit because the necessary consultation could not be obtained prior to the running of the statute of limitations. Illinois law excuses failure to comply with section 622(a)(1) under those circumstances and provides an additional ninety days from the date of filing the complaint to get the necessary affidavit. See 735 ILCS 5/2-622(a)(2).

On March 10, 2015, defendant moved to dismiss the claim for failure to comply with section 622. Around the same time, Brown's attorney withdrew from representing her. On March 19, 2015, the magistrate judge entered and continued defendant's motion to dismiss in order to provide plaintiff with additional time to find a replacement attorney. On April 16, 2015, the magistrate judge did the same. At the next status hearing, on May 7, 2015, Brown failed to appear and the magistrate judge issued a briefing schedule on defendant's motion to dismiss. Brown has not responded and the time has long since lapsed. In any event, it has now been far more than ninety days, and Brown has not provided the required 622 affidavit. Moreover, Brown has abandoned this litigation by failing to respond to defendant's motion. See Alioto v. Town of Lisbon, 651 F.3d 715, 721 (7th Cir.

2011) ("Longstanding under our case law is the rule that a person waives an argument by failing to make it before the district court. We apply that rule where a party fails to develop arguments related to a discrete issue, and we also apply that rule where a litigant effectively abandons the litigation by not responding to alleged deficiencies in a motion to dismiss." (citations omitted)). Accordingly, defendant's motion is granted.

Date: 8/12/2015            ENTER:

                                               _____

                                               FREDERICK J. KAPALA

                                               District Judge